**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN  DISTRICT OF TEXAS**
**FORT WORTH  DIVISION**

| | | |
|---|---|---|
| **STEPHEN DALE BARBEE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:09-cv-074-Y** |
| | § | |
| **RICK THALER,** | § | |
| **Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions** | § | **(Death Penalty Case)** |
| **Division,** | § | |
| **Respondent** | § | |
| | § | |

## MOTION TO HOLD PROCEEDINGS IN ABEYANCE
## TO ALLOW PETITIONER TO EXHAUST CLAIMS IN STATE COURT

A. Richard Ellis
Attorney at Law
Texas Bar No. 06560400
75 Magee Avenue
Mill Valley, CA 94941
Attorney for Petitioner

# TABLE OF CONTENTS

**Page**

Table of Contents ...........................................................................................................i

Table of Authorities.......................................................................................................iii

MOTION TO HOLD PROCEEDINGS IN ABEYANCE.................................................1

I. RELEVANT PROCEDURAL BACKGROUND.........................................................2

II. ARGUMENT...............................................................................................................5

    A. The exhaustion requirement..............................................................................5

    B) In *Rhines v. Weber* the United States Supreme Court reaffirmed the federal district courts' discretion to stay proceedings and hold mixed habeas corpus petitions in abeyance. ........6

    C) Some of Mr. Barbee's claims are unexhausted...............................................8

    D) A subsequent state application would not be barred because some of Petitioner's claims meet several exceptions to the Texas bar on successive writs and they are clearly not meritless...................................................................................................................9
        i) State standards for successive petitions.............................................10
        ii) Claims that qualify as exceptions to the Texas successive application bar and a showing of "good cause" for any possible default..................................................10
            Claim One: Mr. Barbee is actually innocent of capital murder.................11
            Claim Two: Mr. Barbee was deprived of due process and a fair trial because his attorneys had a conflict of interest........................................................12
            Claim Eight: Petitioner was deprived of his rights under the Fifth and Fourteenth Amendments to the United States Constitution by the failure of the state courts to hold an evidentiary hearing on substantial, controverted issues of fact...................................................................................................13

    E) Holding a federal petition in abeyance to allow a petitioner to exhaust his claims in state court is well recognized in this and other circuits.............................................................14

    F) Petitioner has proceeded with diligence in asserting his claims and has not engaged in dilatory tactics.................................................................................................18

    G) The Texas courts have abrogated the *Powers* doctrine which formerly did not allow parallel state and federal court proceedings.......................................................19

H) The principle of comity..................................................................................20

I) Respondent has indicated that he will oppose this motion..............................21

CONCLUSION AND PRAYER FOR RELIEF............................................................21

CERTIFICATE OF CONFERENCE...........................................................................23

CERTIFICATE OF SERVICE....................................................................................24

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Akins v. Kenney*, 410 F.3d 451 (8th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 14

*Anderson v. Harless*, 459 U.S. 4, 103 S. Ct. 276 (1982) . . . . . . . . . . . . . . . . 6

*Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 14

*Baldwin v. Reese*, 541 U.S. 27 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

*Brady v. Maryland*, 373 U.S. 83 (1963)] . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brewer v. Johnson*, 139 F.3d 491 (5th Cir. 1998) . . . . . . . . . . . . . . . . . 16-17

*Carey v. Saffold*, 536 U.S. 214 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cassett v. Stewart*, 406 F.3d 614 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . 14

*Coleman v. Thompson*, 5011 U.S. 722 (1991) . . . . . . . . . . . . . . . . 11-13, 20

*Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . 20

*Dretke v. Haley*, 541 U.S. 386 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Duncan v. Henry*, 513 U.S. 364 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Duncan v. Walker*, 121 S. Ct. 2120 (2001) . . . . . . . . . . . . . . . . . . . . . . . . 16

*Edwards v. Carpenter*, 529 U.S. 446 (2000) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gomez v. Dretke*, 422 F.3d 264 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . 14

*Gray v. Netherland*, 518 U.S. 152 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jamison v. Collins*, 291 F.3d 380 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 11

*Mercadel v. Cain*, 179 F.3d 271 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . 21

*Murray v. Carrier*, 477 U.S. 478 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Nethery v. Collins*, 993 F.2d 1154 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . 14

*O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728 (1999) . . . . . . . . . . . 5

*Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005) . . . . . . . . . . . . . . 6-8

*Riley v. Cockrell*, 339 F.3d 308 (5th Cir. 2003),
    *cert. denied,* 543 U.S. 1056 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982) . . . . . . . . . . . . . . 7, 21

*Schlup v. Delo*, 513 U.S. 298 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000) . . . . . . . . . . . . . 7

*Tucker v. Scott*, 66 F.3d 1418 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 20

*Wilder v. Cockrell*, 274 F.3d 255 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . 6, 15

## STATE CASES

*Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1997) . . . . . . . . . . . 11

*Ex parte Powers*, 487 S.W.2d 101 (Tex. Crim. App. 1972) . . . . . . . . . . . . 18

*Ex parte Soffar,* 143 S.W.3d 804 (Tex. Crim. App. 2004) . . . . . . . . 16,18-20

## DOCKETED CASES

*Acker v. Director*, No. 4:06-cv-469 (E.D.Tex, Sherman Div. 2007) . . . . . . 17

*Barbee v. State*, No. AP-75,359 (Tex. Crim. App. December 10, 2008) . . . . . 3

*Barbee v. Texas*, No. 08-10834 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Colella v. TDCJ*, No. B-98-121 (S.D. Tex. 2000)*,* . . . . . . . . . . . . . . . . . . . 17

*Ex Parte Stephen Dale Barbee* , No. WR-71,070-01
    (Tex. Crim. App. January 14, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Goodall v. Cockrell,* 2002 WL 1896976 (N.D.Tex., Ft. Worth Div.,
    Aug. 14, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*King v. Dretke,* 2006 WL 887488 (E.D. Tex. Mar. 29, 2006) . . . . . . . . . . . . 15

*Murphy v. Thaler*, No. 3:10-cv-163 (N.D.Tex., Ft. Worth Div. 2010) . . . . . 17

*Prystash v. Quarterman,* 2006 WL 2479094 (S.D. Tex. Aug. 25, 2006) . . . 15

*Rogers v. Cockrell,* 2002 WL 31106459
    (N.D.Tex., Dallas Div., Sept. 18, 2002) . . . . . . . . . . . . . . . . . . . . . . . 16

*Rousseau v. Cockrell*, No. 00-cv-2588 (S.D. Tex. 2002) . . . . . . . . . . . . . . 17

*San Nicolas v. Ayers,* 2007 WL 763221 (E.D.Cal. 2007) . . . . . . . . . . . . . . 9

*Shaw v. Cockrell,* 2001 WL 1442221(N.D.Tex., Dallas Div.,
    Nov. 13, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

*Smith v. Cockrell,* 2002 WL 83747 (N.D.Tex., Dallas Div., Jan. 14, 2002) . 17

*Shields v. Johnson*, No. G-99-753 (S.D. Tex. 2000) . . . . . . . . . . . . . . . . . . 17

*Troncoso v. Quarterman,* 2006 WL 3053371 (S.D. Tex. Oct. 26, 2006) . . . 15

*Washington v. Cockrell*, No. H-99-140 (S.D. Tex. 2001) . . . . . . . . . . . . . . 17

## FEDERAL STATUTES

21 U.S.C. §848(q) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §2241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   28 U.S.C. § 2244(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

   28 U.S.C. §2244(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 26

   28 U.S.C. §2244(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 25

   28 U.S.C. §2254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

   28 U.S.C. § 2254(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATE STATUTES

Tex. Code Crim. Proc. article 11.071 sec 5(a) . . . . . . . . . . . . . . . . . . . . 10, 19

Texas Code of Criminal Procedure article 37.071 . . . . . . . . . . . . . . . . . . . 2

Tex. Penal Code Ann. Sec. 19.03(7)(A)(Vernon 2003) . . . . . . . . . . . . . . . . 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN  DISTRICT OF TEXAS
## FORT WORTH  DIVISION

| | | |
|---|---|---|
| **STEPHEN DALE BARBEE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **No. 4:09-cv-074-Y** |
| | § | |
| **RICK THALER,** | § | |
| **Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions** | § | **(Death Penalty Case)** |
| **Division,** | § | |
| **Respondent.** | § | |
| | § | |

## MOTION TO HOLD PROCEEDINGS IN ABEYANCE TO ALLOW PETITIONER TO EXHAUST CLAIMS IN STATE COURT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Petitioner, Stephen Dale Barbee, through his counsel, who respectfully requests that this Court grant certain relief in order to protect his right to a full and fair adjudication of his claims challenging his conviction and sentence pursuant to 28 U.S.C. § 2254, 28 U.S.C. §2241, and 21 U.S.C. §848(q).

Mr. Barbee seeks an order from this Court holding his current petition for a writ of habeas corpus in abeyance while he returns to state court to exhaust his claims, including, among others, his claim of actual innocence (Claim 1), the attorney conflict of interest claim (Claim 2), and the failure of the state habeas court to hold an evidentiary hearing (Claim 8), all of which are exceptions to the state bar on successive petitions.

In support thereof, Petitioner would show the following:

## I. RELEVANT PROCEDURAL BACKGROUND

This matter is a capital *habeas corpus* proceeding in which Mr. Barbee ("Petitioner") has invoked the jurisdiction of this Court pursuant to 28 U.S.C. §2254 *et. seq.* Petitioner is a citizen of the United States and a resident of the State of Texas, and is incarcerated in the custody of Respondent, on death row at the Polunsky Unit of the Texas Department of Criminal Justice. Petitioner is indigent and is represented by undersigned appointed counsel of record.

Mr. Barbee was charged in an indictment, returned on December 20, 2005, with the offense of capital murder (two murders during the same transaction). (Exhibit 1,[1] Indictments of Feb. 25, 2005; April 27, 2005; Dec. 20, 2005.) Tex. Penal Code Ann. Sec. 19.03(7)(A)(Vernon 2003). On Feb. 25, 2005, attorney William H. Ray was appointed to represent Petitioner and on March 4, 2005, attorney Tim Moore was appointed as co-counsel. (Exhibit 2, orders appointing counsel.) On February 23, 2006 Petitioner was convicted by a jury of the offense of capital murder in the 213th Judicial District Court of Tarrant County, Texas, Judge Robert K. Gill presiding. (Exhibit 5, Court's Charge and guilty verdict as guilt/innocence phase of the trial.) The jury subsequently answered the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and pursuant to those answers the trial court set punishment at death on February 27, 2006. (Exhibit 6, Court's Charge on Punishment and verdict; Exhibit 7, Judgment and Verdict.) Tex. Code Crim. Proc. Art. 37.071 sec. 2(g).

Petitioner appealed this conviction and death sentence in cause No. AP-75,359. The

---

[1] "Exhibit" refers to the exhibits in support of Mr. Barbee's Petition for Writ of Habeas Corpus, filed in this Court on October 4, 2010. (Docket Nos. 24-29).

following issues were raised on direct appeal:

    1.  The evidence is legally insufficient to support Appellant's conviction for capital murder because the State failed to prove that the grand jury exercised due diligence in determining the manner and means of Jayden Underwood's death.

    2. The evidence is factually insufficient to support the jury's conviction for capital murder pursuant to *Clewis v. State.*

    3.  The trial court abused its discretion by refusing to grant Appellant's challenge for cause on Juror No. 126, Denise Anderson, pursuant to Art. 35.16(a)(10) of the Tex. Crim. Proc. Code Ann. (Vernon 1995)

    4.  The trial court abused its discretion in denying Appellant's motion to suppress his alleged  statement made to Detective Carroll in the bathroom of the Tyler Police Department in violation of Art. 38.22 of the Tex. Crim. Proc. Ann. (Vernon 2001).

    5.  The trial court abused its discretion in denying Appellant's motion to suppress his alleged statement made to Detective Carroll in an office at the Tyler Police Department in violation of Art. 38.22 of the Tex. Crim. Proc. Code Ann. (Vernon 2001)

    6.  The trial court abused its discretion in denying Appellant's motion to suppress his alleged statement made to Detective Carroll while traveling to Ft. Worth in an automobile in violation of Art. 38.22 of the Tex. Crim. Code Ann. (Vernon 2001).

    7.  The trial court abused its discretion in denying Appellant's motion to suppress a recorded conversation with his wife, Trish Barbee, taken at the Tyler Police Department in violation of  R. 504 (a) Tex.  R. Evid.

    8.  The evidence is legally insufficient to support the jury's affirmative answer to the first special issue that Appellant "would commit criminal acts of violence that would constitute a continuing threat to society."

    9. The Texas death penalty sentencing scheme is unconstitutional as applied to Appellant because it failed to require that the jury was charged on the mitigation issue with the "beyond a reasonable doubt" burden of proof.

On   December 10, 2008 the Texas Court of Criminal Appeals affirmed Petitioner's conviction and sentence of death.  *Barbee v. State,* No. AP-75,359 (Tex. Crim. App. December 10, 2008)(not designated for publication)(<u>Exhibit 8</u>.)

Petitioner also sought state post-conviction relief and timely filed an application through counsel Don Vernay.  (<u>Exhibit 11</u>, Petition for Writ of Habeas Corpus, *Ex parte Barbee*)  The following issues were raised on state post-conviction review:

    1. Ineffective assistance of counsel at the pretrial stage.

    2. Abandonment by counsel at the trial stage

-3-

3.  Ineffective assistance of counsel at the punishment phase
4.  Police misconduct (withholding of the complete videotape of the interrogation)
(Exhibit 11.)

The State filed a reply (Exhibit 12) and the state habeas court, Judge Louis Sturns presiding, found that there were no controverted factual issues (Exhibit 15) and then ordered both parties to file proposed findings of fact and conclusions of law, which they did. (Exhibits 13, 14.) The state habeas judge, who was not the trial judge,  then adopted verbatim the state's proposed findings of fact and conclusions of law, without changing so much as a comma, despite the existence of controverted factual issues.  (Exhibit 15.)   On January 14, 2009, the Texas Court of Criminal Appeals denied the state post-conviction application for writ of habeas corpus by similarly adopting verbatim the state habeas court's  findings and conclusions.  *Ex Parte Stephen Dale Barbee* ,  No.  WR-71,070-01  (Tex.  Crim.  App.  January  14,  2009)(*per curiam*)(not designated for publication)(Exhibit 9.)  No evidentiary hearing was held in the state court habeas proceedings.

On October 5, 2009, Mr. Barbee's case became final on appeal when his petition for writ of certiorari from his direct appeal was denied by the United States Supreme Court.  *Barbee v. Texas,* No. 08-10834, *cert. denied,* October 5, 2009. (Exhibit 44, Supreme Court docket sheet.)

Mr. Barbee timely filed his petition for Writ of Habeas Corpus in this Court on October 4, 2010, along with the exhibits in support of that petition. (Docket Nos. 24-29.)

# II. ARGUMENT

## A) The exhaustion requirement.[2]

A state inmate such as Mr. Barbee must first exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of the inmate's federal constitutional rights. *Baldwin v. Reese,* 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); *Duncan v. Henry,* 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); 28 U.S.C. § 2254(b)(1).

To afford the State with this necessary opportunity, the inmate must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. *Baldwin v. Reese,* 541 U.S. at 29-33, 124 S. Ct. at 1349-51. In *Baldwin,* the Supreme Court rejected the argument that a petitioner "fairly presented" a federal claim despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law. In *Gray v. Netherland,* 518 U.S. 152, 162-63, 116 S. Ct. 2074, 2081 (1996) the Supreme Court held that, for purposes of exhausting state remedies, a claim for federal relief must include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle to relief. *Gray* rejected the contention that the exhaustion requirement is satisfied by presenting the state courts only with the facts necessary to state a

---

[2] In this motion, Petitioner does not waive any defenses to any alleged procedural default that may be argued in the future, if and when procedural default or non-exhaustion is asserted by Respondent. These defenses may include a showing of good cause for the default in state court, *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Edwards v. Carpenter,* 529 U.S. 446 , 451 (2000); or a fundamental miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 320-321 (1995); *Dretke v. Haley,* 541 U.S. 386, 388, 392-393 (2004) or that the exhaustion doctrine does not apply to certain claims.

claim for relief.

The exhaustion doctrine is designed to give the state courts a "full and fair" opportunity to resolve federal constitutional claims before those claims are presented to the federal courts and thereby to protect the state courts' role in the enforcement of federal law. *Carey v. Saffold,* 536 U.S. 214 (2002).

The exhaustion requirement is satisfied when the substance of the federal claim has been "fairly presented" to the highest state court with jurisdiction over the claim. *Baldwin v. Reese,* 541 U.S. at 29-33, 124 S. Ct. at 1349-1351(holding that a petitioner failed to fairly present a claim of ineffective assistance by state appellate counsel merely by labeling the performance "ineffective" without a reference to federal law or a citation to an opinion applying federal law to such a claim). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless,* 459 U.S. 4, 6-7, 103 S. Ct. 276, 277-278 (1982); *Riley v. Cockrell,* 339 F.3d 308, 318 (5th Cir. 2003)("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court"), *cert. denied,* 543 U.S. 1056 (2005); *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001)("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement"). To have "fairly presented" his federal claim, the petitioner must have reasonably alerted the state courts to the federal nature of his complaint. *Baldwin v. Reese,* 541 U.S. at 29-33, 124 S. Ct. at 1349-1351.

**B) In *Rhines v. Weber* the United States Supreme Court reaffirmed the federal district**

**courts' discretion to stay proceedings and hold mixed habeas corpus petitions in abeyance.**

In *Rhines v. Weber,* 544 U.S. 269, 125 S. Ct. 1528 (2005) the United States Supreme Court reaffirmed that a federal district court has discretion to stay proceedings and hold a mixed habeas corpus petition in abeyance in order to allow the petitioner to present his unexhausted claims to the state court, and then to return to federal court for review of his perfected petition.

Before the adoption of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") the Supreme Court had held that federal district courts may not adjudicate mixed petitions, but must give state courts the first opportunity to decide a petitioner's claims. The Court imposed a "total exhaustion" requirement, and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court. *Rose v. Lundy,* 455 U.S. 509, 518-519, 102 S. Ct. 1198 (1982). However, at that time there was no statute of limitations on federal habeas corpus petitions. Consequently, "petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." *Rhines,* 125 S. Ct. at 1533; *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S. Ct. 1595 (2000).

At issue in *Rhines* was whether the AEDPA had altered this procedure and deprived the federal district courts of their authority to issue stays and hold petitions in abeyance. The Supreme Court held that the AEDPA did not divest the federal district courts of this power. The *Rhines* Court held that the AEDPA was enacted "against the backdrop of *Lundy*'s total exhaustion requirement. The tolling provision of 28 U.S.C. §2244(d)(2) balanced the interests served by the exhaustion requirement and the petitioner's ability to later seek federal habeas corpus relief while state remedies are being pursued." *Rhines* at 1534. The Court held that "stay

and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 1535. The district court can set reasonable time limits on the parameters for the trip to the state court and back. *Id.*

> The *Rhines* Court cautioned that
>
> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition...In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.
> (*Rhines,* 125 S. Ct. at 1535.)

In *Rhines,* the Supreme Court held that the Eighth Circuit Court of Appeals had erred in determining that stay and abeyance was not available. *Id.* Petitioner shows *infra* that he 1) had **good cause** for the non-exhaustion of certain claims, 2) that these **claims are meritorious** and 3) he has **not intentionally engaged in dilatory tactics**.

**C) Some of Mr. Barbee's claims are unexhausted.**

Applying these standards, it appears that some of Mr. Barbee's claims are unexhausted. However, a determination of exactly which claims are and are not exhausted is a difficult and necessarily imprecise task due to the fact that Respondent has not yet filed his answer and asserted non-exhaustion as an affirmative defense. Imprecision is also due to the fact that some claims may not be subject to the exhaustion doctrine as they could not have been brought earlier or they have added additional evidentiary support in the federal habeas petition.

Petitioner's claim and documentation of his actual innocence (Claim 1) were first presented in federal court due to the refusal of his prior attorneys to do so either at trial or on

state habeas, despite Petitioner's explicit wishes.    The claim involving attorney conflict of interest (Claim 2) could not have been brought in state court because it was only uncovered after the state writ application had been filed and denied last year.    Likewise, the claim involving the failure of the state habeas court to hold an evidentiary hearing (Claim 8) obviously could not have been brought in state habeas, as the claim arose out of those same proceedings and Petitioner timely requested and was denied a hearing.

Additionally, there was a   failure to present readily available mitigating evidence. (Claim 5.)  As listed *supra,* some of the ineffective assistance of counsel claims were brought in the state petition.    Thus, rather than a claim-by-claim exhaustion analysis, which would be of little efficacy in resolving the matter, Petitioner submits that the entire petition should be held in abeyance in order to allow the state courts to be afforded the opportunity to rule on Petitioner's meritorious claims.

There is an additional reason why the matter should be stayed.   The Texas Court of Criminal Appeals held that "[w]e adopt the trial judge's findings and conclusions" (Exhibit 8) but the trial judge made no such findings and conclusions.   The findings and conclusions  were made not by the trial judge, Judge Gill, but by his successor Judge Sturns, as discussed in Petitioner's writ application (Docket No. 24 at 48, 49, 94.)  Therefore, arguably the CCA did not adopt anything.

**D) A subsequent state application would not be barred because some of Petitioner's claims meet several exceptions to the Texas bar on successive writs and they are clearly not meritless.**

"[T]here is no authority for the proposition  that the development of claims must be completed in state court." *San Nicolas v. Ayers,* 2007 WL 763221 (E.D.Cal. 2007) at *3.   To the

contrary, as discussed *supra*, the Supreme Court has recognized in *Rhimes v. Weber* that abeyance of post-AEDPA federal petitions is sometimes appropriate to permit petitioners to go back to state court to exhaust claims developed in federal court but not developed in the first round of state habeas proceedings.

### i. State standards for successive petitions.

If the state courts would clearly refuse to hear Mr. Barbee's successive claims, this might be a circumstance in which a stay and abeyance would not be mandated.  But Mr. Barbee can demonstrate that the state courts will review several of his claims on the merits, for multiple reasons,  and that he has good cause to excuse his failure to include them in his first petition. There are three well-established exceptions to the bar on successive writs contained in Tex. Code Crim. Proc. article 11.071 sec 5(a).  It reads as follows:

> If a subsequent application for writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent or untimely initial application unless the application contains sufficient specific facts establishing that:

> (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application...

> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or

> (3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071 or 37.0711.

Tex. Code Crim. Proc. art. 11.071 sec. 5(a).[3]

**ii. Claims that qualify as exceptions to the Texas successive application bar and a showing of "good cause" for any possible default.**

Several of Mr. Barbee's claims clearly qualify under these exceptions:

<u>**Claim One:**</u>  **Mr. Barbee is actually innocent of capital murder**.

Actual innocence is an exception to Texas' bar against successive petitions. (Art. 11.701 sec. 5(a)(2).) Mr. Barbee has shown that evidence of his actual innocence was never presented at trial through the negligence of his trial attorneys, despite his wishes.  There was no evidence presented at trial showing the coercion of Petitioner's "confession," the motives for Mr. Ron Dodd to commit the murders, evidence of Mr. Dodd's prior history of violence, evidence that he may have confessed to the crime, and evidence that he was involved in the cover-up of the evidence.  Clearly, Petitioner has shown that this evidence creates at least a doubt as to the verdict of guilt of capital murder  and that it is probable that had the jury heard this evidence, the verdict would be different on retrial.  *Ex parte Elizondo,* 947 S.W.2d 202, 206-208 (Tex. Crim. App. 1997). Coupled with his prior attorneys' refusal to present this evidence, and the conflict of interest, Petitioner has shown good cause for the failure.

Good cause for failure to raise this claim earlier is also shown, in part, by Petitioner's allegations of *Brady* [*v. Maryland,* 373 U.S. 83 (1963)] violations (Claim 19) where the police improperly edited and stopped and started the tape of Petitioner's confession to hide evidence that it was coerced.   This greatly impeded the presentation of a showing of actual innocence, both at trial and on state habeas,   because the State's case for guilt largely rested on this

---

[3]  Thus the "actual innocence" exception for state successive applications applies both to actual innocence of the crime itself *and* to innocence of the death penalty.

confession.   *Coleman v. Thompson, supra,* 501 U.S. 722, 755 requires a petitioner to demonstrate some "objective factor external to the defense" that made it impossible to bring the claim earlier in state proceedings.  The prosecution's withholding of *Brady* evidence from the petitioner's attorneys qualifies as a "substantial reason for the default that is external to [the petitioner]."  *Jamison v. Collins,* 291 F.3d 380, 386 (6th Cir. 2002).

When state trial and habeas counsel act contrary to their client's wishes and fail to present a claim of his actual innocence, this is an instance where a federal habeas court should find good cause for the failure to present the claim in state court. *Coleman, supra,*  753-754 (counsel is not acting as the client's agent when his actions are not in furtherance of the litigation or are outside the course of the representation).

Good cause for failure to raise this claim earlier is also shown by the attorney conflict of interest in Claim 2.  The trial attorneys had a conflict of interest due to Judge Gill's secret agreement to move cases through the court quickly and have the defendants plead guilty, which explains the failure to raise Petitioner's actual innocence at trial.  It may not have been raised on state habeas because the explanation for the failure to raise it at trial (the attorney conflict of interest) was not known until well after the state writ application had been filed.

Thus, this claim would meet the requirements for a successive petition under 11.071 sec. 5(a)(2) ("by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.")

**Claim Two: Mr. Barbee was deprived of due process and a fair trial because his attorneys had a conflict of interest.**

 This claim involves recent revelations that there was a secret deal between the trial

judge, Robert Gill, and Petitioner's chief trial counsel, Mr. Bill Ray, involving the disposition of many cases.   This came to light only, at the earliest in May of 2009, when a hearing was held before another judge of this Court (Exhibit 39).   Judge McBryde of this Court ruled that "the factual basis for the claim was not available  to her until the May 12, 2009 hearing." (*Id.* at 35-36.)  If it was not available to the habeas petitioner in that case before that date, it could also not have been available to Mr. Barbee before then. This date was well after Petitioner's state habeas application was filed on or about March 13, 2008 (Exhibit 11) and all were well after the Texas Court of Criminal Appeals had denied the application on January 14, 2009. (Exhibit 9.)

Good cause for failure to raise it is shown by the fact that the factual basis of the claim was not known and could not have been known at the time the first state application was filed. This is an "objective external factor" under *Coleman v. Thompson, supra,* 501 U.S. 722, 755. The facts of the deal between Judge Gill and Mr. Ray were secret and were concealed from both Petitioner and the public at large. Thus, this claim meets the requirement for successive petitions under 11.071 sec. 5(a)(1) ("the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.")

Additionally, since this claim involves a very serious showing of improper conduct in state court by two of the main protagonists in Petitioner's trial,[4] the state courts should be afforded the first opportunity to rule on it.  That will require that this petition be held in

---

[4]   Judge McBryde of this Court has termed Judge Gill's conduct "outrageous"(Exhibit 39 at 82) and a "miscarriage of justice"(*Id.* at 85) and Mr. Ray was held to have rendered ineffective assistance of counsel. (Exhibit 40 at 35-38.)

abeyance.

      **Claim Eight: Petitioner was deprived of his rights under the Fifth and Fourteenth Amendments to the United States Constitution by the failure of the state courts to hold an evidentiary hearing on substantial, controverted issues of fact.**

As discussed *supra,* Mr. Barbee's state habeas proceedings were ruled upon by a judge who was not the trial judge. (*See* Claim 8, Docket No. 24 at 191-207.) There was good cause for the failure to raise it previously because it deals with those same proceedings. This claim would allow the state courts to rectify the deficiencies outlined in Mr. Barbee's petition.  Where the state habeas judge did not preside over the trial, Petitioner is entitled to an evidentiary hearing. *Nethery v. Collins*, 993 F.2d 1154 (5th Cir. 1993); *Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994).  Additionally,  if this case is not sent back to the state courts, their current holdings are entitled to no deference in this Court because of these deficiencies.

**E) Holding a federal petition in abeyance to allow a petitioner to exhaust his claims in state court is well recognized in this and other circuits.**

The Fifth Circuit, other circuits, and district courts in Texas  have all followed the analysis in *Rhines.*  In *Gomez v. Dretke,* 422 F.3d 264 (5th Cir. 2005) the Fifth Circuit stayed the consideration of a petitioner's claims pending resolution of his pending state habeas corpus proceedings, under federal abstention doctrines, as failure to stay proceedings would cause his federal petition to be time-barred.   In *Cassett v. Stewart,* 406 F.3d 614 (9th Cir. 2005) that Court held that an unexhausted claim may be denied on the merits  "*only when it is perfectly clear that the petitioner has no chance of obtaining relief.*"  *Cassett* at 624 (emphasis added).  As the Court explained, "the principle of comity counsels in favor of a standard that limits a federal court's ability to deny relief under § 2254(b)(2) to circumstances in which it is perfectly clear that the

-14-

petitioner has no hope of prevailing." *Id.* The Court reasoned that "[a] contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.*  *See also Akins v. Kenney,* 410 F.3d 451, 456 (8th Cir. 2005)(remanding to district court to demonstrate good cause for petitioner's failure to exhaust his claims in state court, to show that his unexhausted claims are not 'plainly meritless,' and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay).

The stay and abeyance procedure proposed herein is consistent with the current practice of this Court, this Circuit and other federal district courts in Texas and has been widely followed in the circumstances of Petitioner's case  both before and after *Rhines.*   *See, e.g., Wilder v. Cockrell,* 274 F.3d 255, 262-263 (5th Cir. 2001) (although "Texas does significantly restrict successive habeas petitions...the State should be allowed to make the procedural bar, *vel non,* determination" (examining Texas' non-capital habeas procedures)...[B]ecause it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of [the petitioner's] claim, Texas courts should make that determination");  *King v. Dretke,* 2006 WL 887488 (E.D. Tex. Mar. 29, 2006)(federal petition held in abeyance to allow petitioner to present claims in state court, citing *Rhimes*: "if it appears that the petitioner still may have a right under state law to obtain relief, the federal court will either abate or dismiss the application in order to allow the applicant to present his unexhausted claims in a successive petition to that court," Order, at *6); *Troncoso v. Quarterman,* 2006 WL 3053371 (S.D. Tex. Oct. 26, 2006)(federal petition stayed under *Rhines* in order to allow petitioner to return to state courts to exhaust his unexhausted claims); *Prystash v. Quarterman,* 2006 WL 2479094 (S.D. Tex. Aug. 25, 2006)("stay and abeyance becomes appropriate when the petitioner shows: 1) good cause for failing to exhaust

the claim; 2) that the claim is not plainly meritless; and 3) that nothing indicates that the failure to exhaust has not resulted from intentional delay...[t]he Texas courts should consider in the first instance whether Prystash's unexhausted claims...comply with Tex. Code Crim. Pro. art. 11.071 § 5").

While *Rhines* has explicitly approved the stay and abeyance proposed here, well before *Rhines* federal courts in Texas routinely granted equitable tolling in order for a petitioner to exhaust his claims in state court without forfeiting federal review of his claims.[5] In *Shaw v. Cockrell,* 2001 WL 1442221 (N.D.Tex., Dallas Div., Nov. 13, 2001) this Court discussed *Duncan v. Walker,* 121 S. Ct. 2120 (2001)(holding that the time for filing under AEDPA is not tolled while the case is pending in federal court) and held "that decision does not preclude a court from equitably tolling the statute of limitations during the pendency of a prior federal habeas corpus proceeding." *Shaw,* at *2. Circumstances justifying equitable tolling were held to be present when "the petitioner wasted little time in exhausting his state remedies after final denial of his first federal habeas petition. Nor did he delay in returning to federal court once he satisfied the exhaustion requirement." *Id.* at *3.

A similar reasoning was followed in *Goodall v. Cockrell,* 2002 WL 1896976 (N.D.Tex., Ft. Worth Div., Aug. 14, 2002). There, the Director objected to a finding that Goodall was entitled to equitable tolling of the limitation period for the pendency of his successive state writ proceedings. The court adopted the findings, holding that "[b]ecause Goodall diligently pursued

---

[5] Before Texas's abrogation of the so-called "Two Forum Rule," which prohibited simultaneous federal and state proceedings, equitable tolling was the preferred course of action, as staying proceedings and holding a petition in abeyance would have violated that Rule. *Ex parte Soffar,* 143 S.W.3d 804 (Tex. Crim. App. 2004).

§2254 relief, the court concludes that exceptional circumstances warranting equitable tolling of the limitations period during the pendency of the limitations period during the pendency of his prior federal habeas petition are present in this case." *Goodall,* at *4.

In *Rogers v. Cockrell,* 2002 WL 31106459 (N.D.Tex., Dallas Div., Sept. 18, 2002) the court held, mentioning the holding in *Duncan,* that "[b]ecause the petition raises both exhausted and unexhausted grounds for habeas relief...the district court should dismiss it without prejudice as a mixed petition..." *Rogers,* at *3. The court cited *Brewer v. Johnson,* 139 F.3d 491, 493 (5th Cir. 1998), a pre-*Duncan* decision, for the proposition that a district court has the discretion to abate or dismiss a federal habeas action pending resolution of state habeas proceedings. In *Rogers,* the petitioner was "not at risk of being barred by limitations" so the court did not need to equitably toll the statute of limitations. *Id.* at *4. Again, in *Smith v. Cockrell,* 2002 WL 83747 (N.D.Tex., Dallas Div., Jan. 14, 2002) the court stated that *Duncan* "does not preclude a court from equitably tolling the statute of limitations during the pendency of a prior federal habeas proceeding." *Smith,* at *2.

More recently, in *Murphy v. Thaler,* No. 3:10-cv-163 (N.D.Tex., Ft. Worth Div., Memorandum and Order of June 6, 2010), a post-*Rhimes* case, this Court held that several unexhausted claims, including a *Brady* claim, and ineffective assistance of counsel at the guilt stage, met the standards discussed *supra.* Of particular note, this Court held that the *Brady* claim established "good cause" as it was a reason for the default that was external to the petitioner. *Id.* at 4.

Additionally, in *Colella v. TDCJ,* No. B-98-121 (S.D. Tex. 2000)*,* the petition was dismissed without prejudice with equitable tolling in order to allow petitioner to exhaust claims

in state court. A similar procedure has been followed in several other capital cases in this and other Texas federal districts pre-*Rhines*: *Washington v. Cockrell,* No. H-99-140 (S.D. Tex. 2001); *Rousseau v. Cockrell,* No. 00-cv-2588 (S.D. Tex. 2002); *Shields v. Johnson,* No. G-99-753 (S.D. Tex. 2000); as well as post-*Rhines*: *Acker v. Director,* No. 4:06-cv-469 (E.D.Tex, Sherman Div. 2007). Thus, the stay and abeyance procedure is the preferred one for petitions that contain both exhausted and unexhausted claims.

**F) Petitioner has proceeded with diligence in asserting his claims and has not engaged in dilatory tactics.**

Petitioner has moved diligently to investigate his claims in federal court and timely filed his petition with this Court on October 4, 2010. Although Respondent has not yet submitted his reply brief and asserted any procedural defenses, Petitioner is filing this motion now, in the interests of expediency, only about one week after the filing of the petition. The day after his petition was filed in this Court, undersigned counsel for Petitioner contacted counsel of record for Respondent by telephone and informed him that he would soon be filing this motion, so that counsel for Respondent would not waste time in beginning to prepare a response or motion to dismiss. Although Petitioner would be entitled to await the assertion of any procedural defenses by Respondent, he is acting now in the anticipation that such defenses will be asserted. Given the length of the petition and the number and complexity of the issues raised, it could reasonably be expected that Respondent's answering brief would require several months to complete. Thus, Petitioner has acted as expeditiously and diligently as possible in litigating his claims and is not seeking to unduly delay these proceedings by this motion by waiting for Respondent's assertion of exhaustion.

**G) The Texas courts have abrogated the *Powers* doctrine which formerly did not allow parallel state and federal court proceedings.**

On February 11, 2004, in *Ex parte Soffar,* 143 S.W.3d 804 (Tex. Crim. App. 2004) the Texas Court of Criminal Appeals (the "CCA") explicitly abrogated the doctrine they had enunciated in *Ex parte Powers,* 487 S.W.2d 101 (Tex. Crim. App. 1972).  This so-called *Powers* doctrine, followed for over 30 years by the Texas state courts,  held that the CCA would "dismiss[] any writ application when the inmate had a parallel writ pending in federal court, even when the federal court has stayed its own proceeding." *Soffar,* at 804.  As the CCA held in *Soffar,* "[w]e therefore modify our *Powers* abstention doctrine to permit consideration of the merits of a subsequent  writ, not otherwise barred by Article 11.071 § 5, if the federal court with jurisdiction over a parallel writ enters an order staying all of its proceedings for the applicant to return to the appropriate Texas court to exhaust his state remedies." *Id.* at 807.

The CCA explained that since 1972 that it had "dismissed state habeas corpus writ applications when the applicant also has a writ pending in the federal courts that relates to the same conviction or same 'matter.'" *Id.* at 805.  This abstention doctrine was based "upon important considerations of comity, avoidance of piecemeal litigation or inconsistent results, and judicial economy." *Id.*  As the CCA held, "[t]he *Powers* abstention doctrine was a judicially created policy based on comity which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* at 805, quoting *Darr v. Burford,* 339 U.S. 200, 204, 70 S. Ct. 587 (1950). The reason for the abrogation of the *Powers* doctrine was that

-19-

both federal and Texas statutes have narrowed significantly a state prisoner's ability to have the merits of a subsequent writ of habeas corpus considered by the courts. See Tex. Code Crim. Proc. Art. 11.071, § 5; art. 11.07, § 4; 28 U.S.C. § 2244(b)(2). Except under extraordinary circumstances, a state prisoner must bring all constitutional claims in a single state application and only those claims which have been exhausted in state court may be granted by the federal courts. Statutes—not the broad *Powers* abstention doctrine—now prevent duplicative, piecemeal litigation and protect judicial economy. *Soffar,* at 806.

New federal laws have significantly remedied past abuses of the writ: "[b]ecause of the strict one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") the application of the *Powers* doctrine, combined with the federal exhaustion requirement, may lead to unintended consequences. *Id.* at 806. In *Soffar* the CCA explained that

> The *Powers* doctrine worked well in an era in which there were no federal or state time limits within which to bring habeas corpus writs and no limit upon the number of writs an applicant could file. We believe, however, that judicially created doctrines may, and sometimes should, be modified when they no longer serve the jurisprudential interests for which they were originally crafted. We therefore modify our *Powers* abstention doctrine to permit consideration of the merits of a subsequent writ, not otherwise barred by article 11.071, § 5, if the federal court having jurisdiction over a parallel writ enters an order staying all of its proceedings for the applicant to return to the appropriate Texas court to exhaust his state remedies.
> *Id.* at 807.

Therefore, there is no impediment to this Court staying and holding in abeyance Mr. Barbee's petition in order for his to exhaust his claims in state court. As discussed *supra,* any unexhausted claims in his successive application would not be barred by article 11.071 § 5 because they meet several of the exceptions to the successor-writ bar.

**H)  The Principle of comity.**

It is widely accepted that, under the principle of comity, the state courts should have the

first opportunity to fully evaluate Mr. Barbee's potentially-meritorious unexhausted claims.[6]

*Tucker v. Scott,* 66 F.3d 1418, 1419 (5th Cir. 1999)("comity of cooperation and of rapport

between 'the parallel systems of state and federal courts").  The Supreme Court has recognized

that

> [t]he exhaustion doctrine is principally designed to protect the state court's role in the
> enforcement of federal law and prevent disruption of state judicial proceedings.  Under
> our federal system, the federal and state courts are equally bound to guard and protect
> rights secured by the Constitution.  Because it would be unseemly in our dual system of
> government for a federal district court to upset a state court conviction without an
> opportunity to the state courts to correct a constitutional violation, federal courts apply
> the doctrine of comity, which teaches that one court should defer action on causes
> properly within its jurisdiction until the courts of another sovereignty with concurrent
> powers, and already cognizant of the litigation, have had an opportunity to pass upon the
> matter.

*Rose v. Lundy,* 455 U.S. 509, 519 (1982)(quotations omitted).  The Fifth Circuit has "recognized

that the concern for comity weighs more heavily when it appears that a state prisoner's claim has

arguable merit than when it is easily dismissed as frivolous by a federal court, thus saving a state

court thus saving a state court from needless and repetitive litigation."  *Mercadel v. Cain,* 179

F.3d 271, 277 (5th Cir. 1999).

**I) Respondent has indicated that he will oppose this motion.**

As mentioned *supra,* undersigned counsel contacted counsel for Respondent at the time

Mr. Barbee's petition was filed to ascertain their position on this motion to stay and hold

proceedings in abeyance.  Mr. Thomas Jones of the Post-Conviction Litigation Division of the

---

[6]  The "exhaustion requirement is grounded in principles of comity; in a federal system,
the states should have the first opportunity to address and correct alleged violations of state
prisoner's federal rights."  *Coleman v. Thompson,* 5011 U.S. 722, 731 (1991).  *See also Deters v.
Collins,* 985 F.2d 789, 794 (5th Cir. 1993)("[I]f an issue rests upon unresolved questions of fact
or state law, comity and judicial efficiency may require federal courts to insist on complete
exhaustion to ensure that the court has a complete record to review.").

Office of the Attorney-General of the State of Texas, counsel of record in this matter, stated that

his office would oppose this motion.

## CONCLUSION

Wherefore, Mr. Barbee respectfully requests this Court grant the following relief:

1) Hold his petition for a writ of habeas corpus **IN ABEYANCE** in order that he may exhaust state remedies with respect to all unexhausted claims in the present petition;

2) Petitioner's one-year statute of limitations for seeking federal habeas corpus review under 28 U.S.C. §2244(d)(2) will be deemed **EQUITABLY TOLLED** during the time he is pursuing state remedies within the following timetable;

3) Petitioner is hereby ordered to seek post-conviction review of his unexhausted claims in state court according to the following schedule:

(A) within **45 DAYS** of the date of this Order, Petitioner's current federal habeas counsel must either move for appointment to represent Petitioner in state court proceedings or file his successive petition;

(B) whether undersigned counsel is appointed to represent petition or not, Mr. Barbee must file his successive petition  no later than **60 DAYS**  from the date of the filing of the Court's Order;

(C)  if the Texas Court of Criminal Appeals ultimately denies relief, Petitioner must return to federal court within **45 DAYS** of the date of that Order;

(D) if the above schedule is adhered to, Mr. Barbee's  petition for writ of habeas corpus filed by Petitioner in this Court  will be deemed timely  for the purposes of the statute of limitations of 28 U.S.C. §2244(d).

4) grant such other relief as law and justice require.

Dated: October 8, 2010.


Respectfully submitted,

s/s  A. Richard Ellis

_____

A. Richard Ellis
Texas Bar No. 06560400
75 Magee Avenue
Mill Valley, CA 94941
(415) 389-6771
FAX:  (415) 389-0251
ATTORNEY  FOR PETITIONER




## CERTIFICATE OF CONFERENCE

Undersigned counsel verifies that on October 5, 2010, he conferred with counsel of record for Respondent, Mr. Thomas Jones, of the Capital Litigation Division of the Office of the Attorney General of the State of Texas, in an attempt to resolve the matter without court intervention.  Mr. Jones stated that his office would oppose this motion to would take no position regarding the disposition of the motion.

/s/ A. Richard Ellis

_____

A. RICHARD ELLIS
COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

 I, A. Richard Ellis, counsel of record for Petitioner, do hereby certify that on October 8, 2010,  I

electronically filed the above and foregoing pleading with the Clerk of the Court for the United

States District Court for the Northern District of Texas, using the electronic case filing system of

the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following

attorney of record who have consented to accept this Notice as service of this document by

electronic means:

> Mr. Thomas Jones
> Assistant Attorney General
> Postconviction Litigation Division
> Office of the Attorney General, State of Texas
> P.O. Box 12548, Capitol Station
> Austin, Texas

    As specified in the district court rules, and at the direction of the Court's administrative

assistant, the Court's hard copy of the Petition and Exhibits was also sent via FEDEX (overnight

delivery) to the following on October 9, 2010:

> Robert Smith, Esq.
> U. S. District Court, Northern District of Texas
> 1100 Commerce Street, Room 1452
> Dallas, TX 75242

> /s/ A. Richard Ellis
> _____
> A.  RICHARD ELLIS
> COUNSEL FOR PETITIONER