IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEPHEN DALE BARBEE, § <br> TDCJ No. 999507, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § No. 4:09-CV-074-Y <br> LORIE DAVIS, Director, Texas § <br> Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO AUTHORIZE ATTORNEY FEES

On July 26, 2019 (doc. 103), Petitioner filed a motion requesting the court "authorize payment for limited representation in state court" for attorney fees the purpose of filing a new state habeas corpus application. Respondent has filed a response (doc. 104) arguing that the new claim Petitioner intends to present to the state habeas court is without merit and that the applicable federal statute, 18 U.S.C. § 3599, does not authorize federal courts to fund attorney fees for the purpose of pursuing successive state habeas corpus relief. Petitioner's reply brief (doc. 105) challenges the standing of the Texas Attorney General to oppose his prospective request for attorney fees.

The Supreme Court has concluded that 18 U.S.C. § 3599 authorizes appointments made in connection with representations in state clemency proceedings. *See Harbison v. Bell*, 556 U.S. 180, 184-94 (2009) (holding Section 3599 authorizes appointment by federal courts of counsel to represent state prisoners challenging their death sentences in state clemency proceedings). In *Harbison*, the Supreme Court carefully drew a distinction between state clemency proceedings and successive state habeas corpus proceedings and explained that not all state habeas corpus proceedings filed after a federal habeas corpus action will qualify for funding under the statute:

> Pursuant to § 3599(e)'s provision that counsel may represent her client in "other appropriate motions and procedures," a district court may determine on a case-by-case basis that is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation. This is not the same as classifying state habeas proceedings as "available post-conviction process" within the meaning of the statute.

*Harbison*, 556 U.S. at 190 n.7. The appropriateness of using the federal CJA appropriation to fund federal habeas counsel's work in state court depends, in part, on whether applicable state law provides for counsel and whether state-court work reflects the ordinary, sequential course of proceedings envisioned by § 3599. *Id.*, at 189-90.

Furthermore, principles of comity and federalism require that, if state funding is available for legal representation in the state court in a subsequent state habeas proceeding, federal habeas counsel is obligated to seek state funding for legal services rendered in state court before turning to federal tax payers. The State of Texas charged Petitioner with capital murder. The State of Texas tried and convicted Petitioner for that offense. The State of Texas is now seeking to execute Petitioner. Under such circumstances, it is only reasonable to expect the State of Texas to bear the burden of underwriting Petitioner's legal representation in a State court proceeding.

Section 5 of Article 11.071 of the Texas Code of Criminal Procedure provides a procedure under which an applicant for state habeas corpus relief may obtain permission for the filing of a subsequent state habeas corpus application. *See Ex parte Gallo*, 448 S.W.3d 1, 3 (Tex. Crim. App. 2014) (a Texas trial court receiving notice that the Texas Court of Criminal Appeals has authorized the filing of a subsequent state habeas corpus application under Section 5 is required to appoint and compensate counsel for an indigent death-row inmate). Sections 6(b-1) and (b-2) of Article 11.071 authorize compensation for counsel appointed to represent an applicant in a subsequent state habeas corpus proceeding. Logic dictates that, before seeking federal funding as "reasonably necessary" for attorney fees under § 3599, a federal habeas petitioner's counsel

who wishes to file a subsequent state habeas corpus application must first seek permission to file the subsequent state habeas corpus application under Section 5 and request appointment and funding under Sections 6(b-1) and 6(b-2).

Federal funding under § 3599 is available for attorney fees "reasonably necessary" for adequate representation of the defendant. This inquiry necessarily requires a good faith effort by counsel to obtain state funding for legal representation undertaken in state court. The reasonable necessity of federal funding for a subsequent state habeas corpus proceeding will, therefore, turn upon the reasonableness of the actions undertaken by counsel within the context of the entire case, including the availability of state funding sources. The determination of the reasonableness of a request for attorney fees under § 3599 is typically made after the submission of a detailed voucher by responsible counsel after performance of the legal services for which compensation is sought. Nothing in § 3599 requires a district court to authorize attorney fees in advance of the provision of professional legal services in state court, especially when there is no allegation the federal habeas petitioner has sought state funding for legal representation in state court.

Insofar as Respondent attacks the legal basis for Petitioner's proposed new state habeas corpus proceeding, those arguments are more appropriately addressed to the Fifth Circuit in a proceeding filed under 28 U.S.C. § 2244(b)(3) seeking permission for the filing of a successive federal habeas corpus petition. Absent a ruling from the Fifth Circuit authorizing the filing of a successive federal habeas corpus petition or a remand order, this court is not the proper forum for consideration of whether a new claim satisfies the requirements of § 2244(b).

Petitioner currently faces an execution date of October 2, 2019. Petitioner makes no allegation that he has made any effort to seek state court permission or state funding for the filing of his subsequent state habeas corpus application. Petitioner does not request adoption by this

court of a budget in connection with his proposed new state habeas corpus proceeding. Petitioner's counsel is undoubtedly aware of the proper procedure for filing a request for budget authorization. For the reasons discussed above, Petitioner's request for "authorization" of attorney fees in connection with his proposed state habeas corpus proceeding is premature.

Accordingly, Petitioner's motion seeking authorization for attorney fees in connection with a proposed state habeas corpus proceeding is **DISMISSED** without prejudice.

SIGNED August 30, 2019.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　TERRY R. MEANS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE